IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN THE MATTER OF THE SEARCH OF: )
)
591 Pike Run Road ) Magistrate No. 18-58 MJ
Somerset, PA 15501 ) **[UNDER SEAL]**

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR WARRANT TO SEARCH

I, Kevin Kauffman, being duly sworn, depose and state the following:

### I. INTRODUCTION

1. I am a Special Agent with the Pittsburgh office of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and have been employed as such for over 17 years. Prior to joining ATF, I served as an instructor at the Federal Law Enforcement Training Center for six years and as a U.S. Customs Inspector for four years. ATF is a federal law enforcement agency charged with the enforcement of the Federal statutes relating to firearms (Title 18, U.S.C., Chapter 44; Title 26, U.S.C. Chapter 53), explosives and arsons (Title 18 U.S.C., Chapter 40). As an ATF Special Agent, I am empowered to conduct investigations and make arrests concerning violations of the federal laws referenced above. During my employment and tenure with ATF, I have received specialized training and experience, and conducted and participated in numerous investigations concerning violations of these federal laws. I have experience conducting surveillance, analyzing telephone records, interviewing witnesses, executing search and arrest warrants, and other investigative techniques. The investigations in which I have participated have resulted in the arrest and prosecution of individuals who have obtained, possessed and utilized firearms and explosives in furtherance of drug trafficking violations, crimes of violence, and crimes involving property damage and serious bodily injury or death.

2. Your affiant is currently participating in the investigation of Kelly B. Shaulis. This affidavit concerns federal felony offenses enumerated in Title 18, United States Code (USC),

1

Chapter 44, Section 922(g)(1): possession of a firearm and ammunition by a prohibited person. This affidavit is submitted in support of an application for a search warrant authorizing federal agents to search a residence which may contain evidence and/or fruits related to the unlawful possession of firearms and ammunition.

3. Your affiant is familiar with the facts and circumstances set forth herein as a result of personal participation in this investigation, and statements and reports provided by other law enforcement personnel and individuals with knowledge of the alleged violations being investigated. Your affiant has set forth only the facts necessary to establish probable cause to believe that Shaulis wrongfully possesses firearms and ammunition in violation of Title 18, USC, Chapter 44, Section 922(g)(1).

4. Your affiant makes this affidavit in support of an application for a search warrant for 591 Pike Run Road, Somerset, PA 15501, further described as a two-story, single-family house with light-green siding, a dark gray shingled roof, dark-red shutters around many of the windows and a 40-foot gray shipping container laid beside/adjacent to the house under the front door.

5. Your affiant learned from Pennsylvania Attorney General's Agent Craig Pavlosky that Shaulis resides at 591 Pike Run Road and they located and arrested him at this residence in 2017. On or about Tuesday, December 11, 2018. SHAULIS' wife Rebecca Vandeusen informed your affiant that Shaulis lives at this address. A query of the Pennsylvania Department of Transportation's (PennDOT)-Driver's License database reveals 591 Pike Run Road as Shaulis' address on his Pennsylvania driver's license, which was renewed on April 4, 2017.

6. For the reasons outlined below, your affiant has probable cause to believe that currently located on the premises described above in paragraph 4 is evidence contributing to proof of a violation of Title 18, U.S.C., Chapter 44, Section 922(g)(1).

      a.     In accordance with Title 18, U.S.C., Chapter 44, Section 922(g)(1), it is unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, to possess in or affecting interstate commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

      b.     A firearm, as defined by Title 18, U.S.C., Chapter 44, Section 921(a)(3) is: (a) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by action of an explosive; (b) the frame or receiver of any such weapon; (c) any firearm muffler or firearm silencer; or any destructive device.

      c.     Ammunition, as defined by Title 18 U.S.C., Chapter 44, Section 921(a)(17)(A) is: ammunition or cartridge cases, primers, bullets, or propellent powder designed for use in any firearm.

## II. CASE BACKGROUND

7.     Kelly Shaulis was indicted on or about Wednesday, December 12, 2018, by a federal Grand Jury for being felon in possession of a firearm. Around 2016-2017, Shaulis had been investigated by the Pennsylvania Attorney General's Office (PA AG) for his alleged involvement in a methamphetamine distribution ring. On or about June 5, 2017, during the execution of a state arrest warrant for Shaulis at his residence (591 Pike Run Road, Somerset, PA 15501) pursuant to their drug trafficking investigation, Pennsylvania Attorney General Agents viewed multiple firearms and ammunition inside Shaulis' residence. Knowing that Shaulis was prohibiting from possessing firearms under federal law, the PA AG Agents applied for and received a state search warrant for Shaulis' residence. Ten firearms and ammunition were recovered during the execution of that June 5, 2017 search warrant. These firearms form the

basis of the pending indictment against Mr. Shaulis that had been issued on or about December 12, 2018.

8.  On December 21, 2018, agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives executed a federal arrest warrant for Shaulis at 591 Pike Run Road. Shaulis was located in the residence and taken into custody without incident. During the clearing/safety sweep of the residence, ammunition was viewed by agents in clear view, specifically on a table in a room in the basement containing rifle scopes, hunting periodicals and hunting clothing. Also viewed in an unlocked gun vault located in the basement were a rifle, shotgun and additional rounds of ammunition.

9.  Shaulis was convicted and sentenced in federal court in 2011 after pleading guilty to three counts of Title 18, USC, 922(g)(1) – prohibited person in possession of a firearm (CR No. 10-31J. This conviction precludes Shaulis from the lawful possession of a firearm or ammunition.

### III. CONCLUSION

10.  Based on the foregoing and your affiant's training, knowledge and experience, your affiant knows that individuals that own and possess firearms routinely retain them for extended periods of time and often store them in areas under their control, such as their personal residences or their vehicles, to protect the weapons, which are valuable, and to have access to the weapons for personal protection. Also, firearms are not consumables. That is, firearms are retained for long periods of time because normally they remain functional for many decades. As Shaulis is a convicted felon, and, as Shaulis has previously been convicted of being a felon in possession of a firearm in federal court, it is your affiant's belief that he is aware of his

prohibited status, and in order to conceal his illicit firearms possession, would also make use of any outbuildings and vehicles on the property to secret his firearms.

11. Wherefore, based upon the foregoing information, your affiant believes there is probable cause that at or in the above described location, there is located a firearm or firearms, ammunition, and/or items and documents relating to the acquisition, possession or transfer of firearms or ammunition , including but not limited to receipts, licenses, holsters, firearms-cleaning equipment and photographs of Shaulis in possession of firearms; which are property that constitutes evidence of the commission of a criminal offense; or are contraband, the fruits of crime, or things otherwise criminally possessed; or are property designed or intended for use, or which is or has been used as the means of committing a criminal offense, specifically Possession of a Firearm or Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for More than One Year in violation of Title 18, USC, Section 922(g)(1).

12. The above information is true and correct to the best of my knowledge, information and belief. Your affiant respectfully requests that a search warrant be issued pursuant to Rule 41 of the Federal Rules of Criminal Procedure.

*[signature]*
KEVIN KAUFFMAN
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn before me
this 21st day of December, 2018.

*[signature]*
_____
United States Magistrate Judge

5

## ATTACHMENT A

Description of the premises to be searched:

591 Pike Run Road, Somerset, PA 15501, any appurtenances, curtilage, outbuildings, vehicles and trailers located on the premises. The premise is further described as a two-story, single-family house with light-green siding, a dark-gray roof, and dark red shutters. A gray, 40-foot shipping container is adjacent to the house, just under the front door.

A photograph of the residence has been made part of this attachment.



## Attachment B

1. Any and all firearms and ammunition;

2. Items pertaining to the possession of firearms, including gun cases, ammunition, magazines, holsters, spare parts for firearms, firearms cleaning equipment, photographs of firearms or of person in possession of firearms, hunting licenses;

3. Items of personal property that tend to identify the person(s) in residence, occupancy, control, or ownership of the premises that is the subject of this warrant, such as canceled mail, deeds, leases, rental agreements, photographs, personal telephone books, diaries, utility and telephone bills, statements, identification documents, and keys.